IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                           )
       v.                )       Criminal No. 20-377
                           )
ERIC ARMES               )

## GOVERNMENT'S OMIBUS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR NOTICE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b) and 609 (Doc No. 178), MOTION TO PRODUCE ROUGH NOTES AND ROUGH DRAFTS (Doc No. 179) AND MOTION FOR DISCOVERY (Doc No. 184)

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorney for said District, and submits the Government's Response in Opposition to Defendant's Motion for Notice Pursuant to Federal Rules of Evidence 404(b) and 609 (Doc No. 178), Motion to Produce Rough Notes and Rough Drafts (Doc No. 179), and Motion for Discovery (Doc No. 184), and states in support thereof:

## I.      INTRODUCTION

The United States recognizes and intends to continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), Rules 12, 16, and 26.2 of the Federal Rules of Criminal Procedure, Local Rule 16C and the Jencks Act, 18 U.S.C. § 3500.  Further, the United States is willing to consider any reasonable request by the defendant in the interest of mutual cooperation and to expedite the prosecution (or resolution) of this case.  The government agrees to provide Rule 404(b) notice fourteen (14) days before trial, impeachment and Jencks Act material at least ten (10) days before trial, and, as is customary, has instructed law enforcement personnel to preserve their notes.  Defendant's requests are otherwise

1

insufficiently specific and/or premature.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On December 1, 2020, defendant Eric Armes was charged by a federal grand jury at Count One of a three-count Indictment, with violating Title 21, United States Code, Section 846. On December 8, 2020, pursuant to a federal arrest warrant, Special Agents and Task Force Officers with the Federal Bureau of Investigation (FBI) arrested the defendant.  A search warrant was executed on the same day at the residence wherein Mr. Armes was staying.   Also, on December 8, 2020, the defendant was presented for an initial appearance before Chief United States Magistrate Judge Cynthia R. Eddy.  (*See* Doc No. 20.)   At that time, Judge Eddy advised the parties that an Order Pursuant to the Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (Oct. 21, 2020) (amending Fed. R. Crim. Pro. 5) as to Eric Armes would be filed on the docket and confirmed on the record the prosecutor's responsibilities.   (*See* Doc No. 27.)

The government moved for the defendant's pretrial detention.  (*See* Doc No. 70.)  The Court ordered the defendant's temporary detention and scheduled a detention hearing for December 11, 2020.  (*See* Doc No. 52.)  Defendant was arraigned and pled not guilty.  (*See* Doc Nos. 48 and 50.)

On December 10, 2020, undersigned counsel provided defense counsel with Mr. Armes' criminal history as well as an Allegheny County Criminal Complaint related to a November 29, 2020 incident involving the defendant.  On December 11, 2020, undersigned counsel provided defense counsel with defendant's arrest warrant return, a search warrant return and seized property log for 25 Deerton Road (where Mr. Armes' and co-defendant Bill Rana were arrested), the unsealed Affidavit in Support of the Search Warrant conducted at 25 Deerton Road among ten

(10) other locations, as well as additional material related to Pandemic Unemployment Assistance claims allegedly (illegally) submitted by the defendant.

On December 14, 2020, United States Magistrate Judge Maureen P. Kelly presided over the detention hearing.   At the conclusion of the hearing, Judge Kelly found that the defendant did not introduce sufficient evidence to rebut the presumption and by clear and convincing evidence that no conditions of release could be fashioned that would reasonably assure the safety of any other person and the community.   (*See* Doc Nos. 88 and 90).   Defendant's continued pretrial detention was ordered.

On December 16, 2020, undersigned counsel emailed *all* defense counsel, advising them of the government's plan for providing Rule 16 material and other discovery – namely via the government's secure file-sharing system as well as via FedEx and/or in person pick-up – related to this complex Title III wire investigation, involving then thirty (30) defendants.   The government notified defense counsel that the intercepted communications, including what are commonly referred to as "line sheets," would be available by way of FedEx or pick-up at the U.S. Attorney's Office.   Additionally, documents related to the Title III wire investigation, including applications, affidavits, and orders would be provided electronically.   Further, as the government noted, it would provide additional discovery items in subsequent productions.

On December 23, 2020, the government advised defense counsel that the production of the intercepted communications and line-sheets would be delayed due to unforeseen technical difficulties.   On December 30, 2020, the government advised defense counsel that, for those who had provided their address or preferred to pick up the materials at the U.S. Attorney's Office, this discovery was either shipped or available with the receptionist and requested that counsel sign and

return the Rule 16 Receipt accompanying the material.   On December 31, 2020, undersigned counsel advised *all* defense counsel that documents related to the Title III wire investigation, including applications, affidavits, and orders were available electronically via the government's file sharing system.

On February 9, 2021, defense counsel requested that undersigned counsel resend the file sharing link so that he could download the materials.   Undersigned counsel also shared, on that date, the search warrant photographs taken by law enforcement at 25 Deerton Street, along with the photographs taken during the execution of the search warrants at locations associated with defendant's co-defendants.   On February 11, 2021, the defendant filed a Motion for Notice Pursuant to Federal Rules of Evidence 404(b) and 609 (Doc No. 178) and a Motion to Produce Rough Notes and Rough Drafts (Doc No. 179).   On February 16, 2021, the defendant filed a Motion for Discovery (Doc No. 184).

### III.    DEFENDANT'S MOTION FOR NOTICE PURDUANT TO FEDERAL RULES OF EVIDENCE 404(b) AND 609 (Doc No. 178)

The defendant requests the government "provide notice of any uncharged crimes, acts or other wrongs it may offer at trial," and that this information be provided "no later than 20 business days in advance of jury selection."   Doc. No. 178 at ¶ 7.   Specifically, the defendant claims that "Mr. [Armes], will suffer two distinct forms of prejudice absent the disclosure of all of information . . . [f]irst, his ability to challenge the relevance of it will be limited or non-existent" and "[s]econd, his ability to adequately prepare for trial."   Doc. No. 178 at ¶ 5.

Rule 404(b) of the Federal Rules of Evidence provides that upon "request by a defendant in a criminal case, the prosecutor must provide reasonable notice of the general nature of any ... evidence [of other crimes, wrongs, or acts] that the prosecutor intends to offer at trial."   Fed. R.

Evid. 404(b).  "Evidence of other crimes, wrongs or acts ... may ... be admissible ... for [certain] purposes, such as [proof of] motive, opportunity, *intent*, preparation, plan, *knowledge*, identity, or *absence of mistake or accident*."  United States v. Boone, 279 F.3d 163, 187 (3d Cir. 2002) (quoting Fed. R. Evid. 404(b); emphasis in Boone).

The United States has not yet identified the specific prior crimes, wrongs, or acts by the defendant that it will seek to introduce at trial.  The United States is aware of the requirement under Rule 404(b) to provide such notice, however, and will do so prior to trial.  Courts that have addressed the issue have held that two (2) weeks' notice is more than adequate under the Rule. See, e.g., United States v. DeLaCruz, 2019 WL 1757528, *5 (M.D. Pa. Apr. 19, 2019) (collecting cases; government directed to provide Rule 404(b) notice "no later than ten calendar days prior to trial"); United States v. Lightfoot, 2008 WL 3050300, *2 & n.1 (W.D. Pa. Aug. 5, 2008) (Diamond, J.) (collecting cases; ordering Rule 404(b) notice "ten days before trial," and denying pretrial hearing "on admissibility of any potential Rule 404(b) evidence" as it would be "premature to rule on the potential admissibility of Rule 404(b) evidence until such evidence is considered in the context of trial").   Accord United States v. Perez-Tosta, 36 F.3d 1552, 1560-63 (11th Cir. 1994) (six days' notice adequate); United States v. Kern, 12 F.3d 122, 124 (8th Cir. 1993) (notice 14 days prior to trial is sufficient under FRE 404(b)); United States v. French, 974 F.2d 687, 694-95 (6th Cir. 1992) (government provided one week notice of prior bad acts (drug transaction) in narcotics prosecution arising from traffic stop; "We find no abuse of discretion on the notification aspect of [defendant's] objections.  There was ample opportunity before trial to prepare for the consequences of this damaging evidence."); United States v. Giampa, 904 F. Supp. 235, 283 (D.N.J. 1995) ("There was no support for [defendants'] request for immediate notification of what,

if any, FRE 404(b) evidence the Government intended to offer at trial."; motion for immediate notification denied, and government ordered to provide Rule 404(b) notice two weeks prior to trial); United States v. Wei, 862 F. Supp. 1129, 1134 (S.D.N.Y. 1994) (government directed to provide Rule 404(b) notice two weeks prior to trial); United States v. Evangelista, 813 F. Supp. 294, 302 (D.N.J. 1993) (ten business days prior to trial adequate notice); United States v. Williams, 792 F. Supp. 1120, 1133 (S.D. Ind. 1992) (creating general ten-day rule for pretrial notice of Rule 404(b) evidence; "By receiving notice of the general nature of 404(b) evidence ten days before trial, surprise is avoided and the defendant has an adequate opportunity to challenge the admissibility of the information.").

The evidence the United States wishes to offer at trial may well change as the proof and possible defenses crystallize. Thus, the appropriate time for resolution of Rule 404(b) admissibility challenges is customarily at trial. See United States v. Saada, 212 F.3d 210, 224 n.15 (3d Cir. 2000) ("Consistent with the language of Rule 404(b), virtually all such issues are raised pretrial, and the evidentiary subtleties are discussed other than before the jury. However, often the full context of Rule 404(b) evidence may not be evaluated until all evidence has been presented, following which the jury may be carefully instructed as to the limited way in which the evidence may be considered."); Giampa, 904 F. Supp. at 284 ("Generally, objections as to the admissibility of prior bad acts under FRE 404(b) are properly asserted during trial, not at the pretrial stage." (citing Luce v. United States, 469 U.S. 38, 41 (1984) ("A reviewing Court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context."); United States v. Eisenberg, 773 F. Supp. 662, 685 (D.N.J. 1991); and United States v. Vastola, 670 F. Supp. 1244, 1268 (D.N.J. 1987) (it would be "unduly speculative" to rule on the admissibility

of "other acts" evidence before hearing the context at trial).

The government hereby agrees that *at least* fourteen (14) days prior to trial, not twenty (20) business days in advance of jury selection, the United States will provide notice "of the general nature of any ... evidence [of other crimes, wrongs, or acts] that the prosecutor intends to offer at trial."   Fed. R. Evid. 404(b).

## IV.   DEFENDANT'S MOTIONS FOR DISCOVERY (DOC. NO. 179) AND FOR ROUGH NOTES AND DRAFTS (DOC NO. 184)

The defendant requests discovery including, but not limited to, Rule 16 materials, *Brady* and *Giglio* materials, *Jencks Act* material, and "Additional Discovery."   *See* Doc. No. 184. Further, the defendant seeks "the rough notes and rough drafts of the LEO's involved in this investigation."   Doc. No. 179 at ¶ 2.   The defendant alleges he will be "severely and irreparably prejudiced in his ability to adequately prepare for trial" if these items are not provided *now*.   Doc. No. 184 at ¶ 4.   The defendant further alleges that without the agents' notes and rough drafts, he will be not be able to "make a meaningful independent assessment of whether the information contained (or not contained) in notes and drafts is relevant and material to his defense" *now*.   Doc. No. 179 at ¶ 11.   Defendant's requests, however, are by-in-large overly broad and insufficiently specific, and ignores the well-established principle that the criminal discovery process is not a fishing expedition for defendants.

The law is well settled that "[c]riminal pretrial discovery is, of course, vastly different from discovery in civil cases."   United States v. Ramos, 27 F.3d 65, 67 (3d Cir. 1994).   "In contrast to the wide-ranging discovery permitted in civil cases, Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with

7

statutory pronouncements and the due process clause of the Constitution." Id. at 68; accord United States v. Casseus, 282 F.3d 253, 257 (3d Cir. 2002) (affirming district court's denial of defense request for disclosure and interview of eyewitness/anticipated government trial witness and explaining, "[i]t is clear that a criminal defendant does not have the right to full discovery of the government's case.").

As the Supreme Court explained in United States v. Ruiz, 536 U.S. 622, 629 (2002), the Constitution does not require the government to share "all useful information" with the defendant during discovery.   In particular, the government is not required to disclose impeachment material relating to informants or other witnesses, as premature disclosure could "disrupt ongoing investigations,"[1] expose prospective witnesses to "serious harm," and would place a substantial "burden" on the government prior to trial preparation.   Id. at 631-33.

### A.   Federal Rule of Criminal Procedure 16

The United States notes that its obligation to make available pretrial discovery materials is governed primarily by Rule 16 of the Federal Rules of Criminal Procedure.   That rule requires the government to produce certain categories of information upon request of the defendant:  1) the defendant's statements that are in written or recorded form (including grand jury testimony) and any oral statement given by the defendant to a person then known by the defendant to be a government agent (Rule 16(a)(1)(A) & (B)); 2) the defendant's prior criminal record (Rule 16(a)(1)(D)); 3) all documents and tangible objects within the possession, custody or control of

---

[1].   Defendant makes the baseless and misleading assertion that the "investigation is complete" – after all, undersigned counsel has stated just the opposite to defense counsel.   On February 16, 2020, a federal grand jury returned superseding indictments in the two (2) of the cases related to defendant's case.   See United States v. Anthony Peluso, et al. Crim. No.

the government which are material to the preparation of the defendant's defense or are intended for use by the government as evidence-in-chief at the trial[2], or were obtained from or belong to the defendant (Rule 16(a)(1)(E)); 4) results or reports of physical or mental examinations or other types of scientific tests in the government's possession which are material to the preparation of the defense or are intended for use by the government as evidence-in-chief at the trial (Rule 16(a)(1)(F)); and 5) a written summary of expert testimony the government intends to use during its case-in-chief at trial (Rule 16(a)(1)(G)).

The government will continue to comply with its obligations under Rule 16 and also provide material well-outside of the scope of the Rule's ambit.   This Rule, however, specifically prohibits pretrial discovery of the government's investigative files.   Fed. R. Crim. P. 16(a)(2), Information Not Subject to Disclosure, states as follows:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.   Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

In *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987), the United States Supreme Court addressed a defendant's contention that "by denying him access" to potentially helpful information in confidential government files – information that he deemed "necessary to prepare his defense" – the "trial court interfered with his right of cross-examination."   480 U.S. at 51.   According to the

---

2.       The government can make arrangements for defense counsel to review pole camera footage of the defendant – however, due to the volume of data involved, defense counsel will need to make arrangements with undersigned counsel to do so.

defendant, the "failure to disclose information that might have made cross-examination more effective [i.e., "inconsistent" statements and/or information that might reveal that the witness "acted with an improper motive'] undermines the Confrontation Clause's purpose of increasing the accuracy of the truth-finding process at trial." *Id.*, 480 U.S. at 52.

The Supreme Court disagreed and flatly rejected the notion that "the Confrontation Clause" should be transformed "into a constitutionally compelled rule of pretrial discovery." Nothing in the case law supports such a view. The opinions of this Court show that the right to confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination. The ability to question adverse witnesses, however, does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony. Normally the right to confront one's accusers is satisfied if defense counsel receives wide latitude at trial to question witnesses. In short, the Confrontation Clause only guarantees "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." 480 U.S. at 52-53 (citations omitted).

Curiously, Mr. Armes requests the government provide information related to "any witness offering testimony concerning the routine or common practices of individuals executing identity theft schemes and fraud schemes involving the use of synthetic identities." Doc. No. 184, p. 2. Mr. Armes is not charged in an identity theft or fraud scheme. As it relates to forensic analyses, laboratory reports and reports of expert witnesses, the government will provide such information related to the controlled substances and firearms seized in the course of this investigation, when they are made available to the government. The government has not yet identified what, if any,

expert testimony may be utilized by the government.

### B.   *Brady* and *Giglio* Material

Under <u>Brady v. Maryland</u>, <u>supra</u>, and its progeny, the government has the obligation to disclose exculpatory evidence - evidence that is favorable and material to the defense.  Strictly speaking, <u>Brady</u> "'is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation.'"  <u>United States v. Starusko</u>, 729 F.2d 256, 262 (3d Cir. 1984) (citation omitted).

> Exculpatory evidence includes material that goes to the heart of the defendant's guilt or innocence as well as that which might well alter the jury's judgment of the credibility of a crucial prosecution witness.  Evidence impeaching the testimony of a government witness is exculpatory when the credibility of the witness may be determinative of a criminal defendant's guilt or innocence.  If the exculpatory evidence "creates a reasonable doubt" as to the defendant's culpability, it will be held to be material.

<u>Id.</u> at 260 (citations omitted).  <u>See</u> <u>also</u> <u>Weary v. Cain</u>, 136 S. Ct. 1002, 1006 (2016) (Evidence is material when there is "any reasonable likelihood it could have affected the judgment of the jury," as such evidence would "undermine confidence" in the verdict); <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985) (Evidence is "material" when it is reasonably probable that, "had the evidence been disclosed to the defense, the result of the proceeding would have been different.").

The failure of the prosecution to turn over favorable evidence "will result in a due process violation if the suppressed evidence 'is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'"  <u>United States v. Georgiou</u>, 777 F.3d 125, 138-39 (3d Cir. 2015) (quoting <u>Brady</u>, 373 U.S. at 87).

In <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972), the Court held that evidence which may be used to impeach "the testimony of a government witness falls within the ambit of <u>Brady</u> when the credibility the witness may have an effect on the jury's determination of guilt or

innocence." Heinrich, 2017 WL 1128541, at *2 (citations omitted).   The Court later determined

that <u>Brady</u>/<u>Giglio</u> material must be disclosed even when the defendant has not requested it.

<u>United States v. Agurs</u>, 427 U.S. 97, 107 (1976).   It is settled, though, that the disclosure of <u>Brady</u>

impeachment material must be done so "in time for its effective use ***at trial***." <u>United States v.</u>

<u>Higgs</u>, 713 F.2d 39, 42 (3d Cir. 1983) (emphasis added).   <u>See also</u> <u>Blackwell</u>, 954 F. Supp. at 968.

The Third Circuit in <u>Higgs</u> made clear that disclosure of witness credibility evidence at the

time of trial sufficiently ensures a defendant's right to a fair trial:

> No denial of due process occurs if <u>Brady</u> material is disclosed to [the
> defendant] in time for its effective use at trial....   The <u>Brady</u>
> material in this case was information that [the defendant] could use
> on cross-examination to challenge the credibility of government
> witnesses.   For that type of material, we think [the defendant's]
> right to a fair trial will be fully protected if disclosure is made the
> day that the witness testifies.   Disclosure at that time will fully
> allow [the defendant] to effectively use that information to challenge
> the veracity of the government's witnesses.

713 F.2d at 44 (citations omitted).   In <u>Higgs</u>, the court specifically rejected the argument "that the

requested information might also be used by defense counsel for investigating their cases in chief."

<u>Id.</u> at 43 n.5.   The <u>Higgs</u> defendants claimed "that knowledge of who the government's witnesses

were and how they fit into the alleged conspiracy might lead to other evidence pertinent to the

issue of substantive guilt or innocence."   <u>Id.</u>   In addition, the <u>Higgs</u> defendants asserted "that the

information must be provided before trial to allow them sufficient time to prepare their case."   <u>Id.</u>

The Third Circuit disagreed, holding that "the requested information" was <u>not</u> "<u>Brady</u>

material for that purpose."

> While that information is material for impeachment purposes,
> names and addresses of witnesses and what they have been promised
> by the government for their cooperation absent other evidence,
> sheds little if any light on the underlying question of substantive

guilt.  Thus that information would not be material under the appropriate [United States v.] Agurs test [427 U.S. 97 (1976)], and *would not need to be disclosed by the government under Brady.*

Id. (emphasis added).

The government is unaware of any <u>Brady</u> material pertaining to the defendant but recognizes its continuing obligation to disclose such materials if and when the government becomes aware of them.   Additionally, the government respectfully requests that it be permitted to provide the defendant with any impeachment material when the Jencks Act material is produced, as discussed below, also at least ten (10) days in advance of trial.  *See United States v. Johnson*, 218 F. Supp.3d 454, 459 (W.D. Pa. 2016) (disclosure of impeachment material ten (10) days prior to trial satisfies *Brady's* requirements).

### C.      The Jencks Act

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide the defense with statements of witnesses that the government intends to call at trial.  The Jencks Act protects discovery of such witnesses' statements, however, "until said witness has testified on direct examination in the trial of the case."  18 U.S.C. § 3500(a).  <u>See also</u> <u>United States v. Ramos</u>, 27 F.3d at 68; <u>United States v. Campagnuolo</u>, 592 F.2d 852, 858 (5th Cir. 1979); <u>United States v. Horsley</u>, 621 F. Supp. 1060, 1067-68 (W.D. Pa. 1985), <u>aff'd</u>, 831 F.2d 286 (3d Cir. 1987); <u>United States v. Fischbach & Moore, Inc.</u>, 576 F. Supp. 1384, 1393 (W.D. Pa. 1983).

Similarly, Rule 26.2 of the Federal Rules of Criminal Procedure provides that "[a]fter a witness other than the defendant has testified on direct examination," the court can order the United States "to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony."  Fed.

13

R. Crim. P. 26.2(a).

The United States acknowledges, however, that a strict adherence to the dictates of the Jencks Act and/or Rule 26.2(a) could cause delays.   Consistent with the practice followed in the Western District of Pennsylvania, the Jencks Act material will be furnished to the defendant ten (10) days prior to trial and not after the government's witness' direct examination.   If additional Jencks/Brady statements are developed thereafter, they will be made available, to the extent practicable, prior to the witness testifying on direct examination.

### D.     Agents' Notes

Agent notes are generally not producible as Jencks Act statements.   *United States v. Ramos*, 27 F.3d 65, 69 (3d Cir. 1994) (rough notes are not "statements" for purposes of Jencks Act because they are not "substantially verbatim recitals" of an oral statement and were not "signed or otherwise adopted or approved" by a witness).   This case has not been scheduled for trial, and the United States has not identified which witnesses it will call at trial.   The government is aware of its obligations under *United States v. Ammar*, 714 F.2d. 238 (3d Cir. 1983), *United States v. Vella*, 562 F.2d 275 (3d Cir. 1977), and *United States v. Ramos*, 27 F.3d 65 (3d Cir. 1994).   These cases require the government's agents to preserve rough notes created during an investigation. Thereafter, upon motion of the defense, the government must then provide the notes to the district court for a determination that they should be produced on the basis that they contain *Brady* or Jencks Act material.   *Ammar*, 714 F.2d at 259.

While the government does not oppose the granting of a motion requiring the preservation of these notes, as is typically requested, the government does oppose an order compelling the *present* disclosure of the notes to defendants as that is adverse to the law of this Circuit under

14

*Ammar* and its progeny.

The government has requested the federal and state (local and county) agents involved in this case to retain copies of any notes they have taken.   The government will obtain copies of any such notes for review and production to the Court, if necessary.   It is the case that some state (local and county) agents may have been involved in some aspects of this investigation prior to the filing of federal charges or in conjunction with the filing of state charges.   The United States had no control over the retention of notes by local and county investigators during their investigation. Many local, state and county investigators do not retain their notes.   The local investigators have been asked, however, to retain any notes they still have from their investigation, and they have been advised that they must keep any notes they take (or have taken) as part of the federal prosecution.

**E.    Additional Discovery**

As it relates to the "Additional Discovery" requested, the government notes that Attachments A and B, while referenced, were not filed with Doc. No. 184; however, undersigned counsel was able to access Attachment A, which was filed with the original motion.   Within this category of "additional" discovery, however, the defendant again asks for information/documents that appear to fall within the same category of Brady/Giglio/Jencks material discussed above and the government incorporates such arguments as though fully set forth herein.

Defendant has failed to establish any deficiencies or noncompliance on the part of the United States. If the defendant would like to make a specific request, undersigned counsel welcomes such communication and will assess whether the government can comply.   If it cannot, the defendant can then, if he so chooses, seek the Court's intervention – as is consistent with the

Local Rules of Criminal Procedure[3].

## V.    CONCLUSION

For the reasons set forth herein, the government requests that Defendant's Motion for Rule 404(b) Notice (Doc. No. 178) be denied to the extent it requests such notice twenty (20) business days in advance of trial – the government agrees to provide such notice at least fourteen (14) days in advance of trial; Defendant's Motion for Discovery (Doc. No. 184) be denied as insufficiently specific and premature; and, Defendant's Motion for Rough Notes and Rough Drafts (Doc. No. 179) be denied to the extent it seeks to compel the present disclosure of such items – the government does not, of course, oppose the court entering an order requiring the preservation of these notes.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*s/ Rebecca L. Silinski*
REBECCA L. SILINSKI
Assistant United States Attorney
PA ID No. 320774

---

3.    *See* Local Rule of Criminal Procedure 16(E): Obligation to Confer. Counsel shall confer and attempt to resolve issues regarding additional discovery before a motion to produce is filed with the Court.