IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 2:20-cr-0377 |
| | ) |
| vs. | ) |
| | ) Judge Robert J. Colville |
| | ) |
| ERIC ARMES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER OF COURT**

On December 1, 2020, Defendant Eric Armes ("Defendant") was charged by a federal grand jury at Count One of a three-count Indictment (ECF No. 3) with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, from in and around January 2020 to in and around November 2020, in violation of 21 U.S.C. § 846. Presently before the Court are the following pretrial Motions filed by Defendant in this matter: (1) a Motion for Notice Pursuant to Federal Rules of Evidence 404(b) and 609 (ECF No. 178); (2) a Motion to Produce Rough Notes and Rough Drafts (ECF No. 179); and (3) a Motion for Discovery (ECF No. 184).[1] The Government filed an Omnibus Response in Opposition (ECF No. 200) to Defendant's Motions on February 25, 2021. Defendant filed a Reply (ECF No. 218) on March 29, 2021. The Government filed a Surreply (ECF No. 222) on April 22, 2021. For the reasons set forth herein, Defendant's Motions will be granted in part and denied in part.

---

[1] Defendant's original filing of a Motion for Discovery at ECF No. 177 attached the wrong document, *see* Errata, ECF No. 184, and the Court will thus cite exclusively to ECF No. 184, which attaches the correct document, in referring to Defendant's Motion for Discovery.

1

Initially, the Court notes that the Government has agreed to provide Rule 404(b) notice fourteen (14) days before trial and Jencks Act material at least ten (10) days before trial, Resp. 1, ECF No. 200, and has requested that it be permitted to provide the Defendant with any impeachment material at least ten (10) days in advance of trial, *id.* at 13. Defendant is satisfied with the timing of production proposed by the Government with respect to these materials, Reply 1, ECF No. 218, and, to the extent Defendant's Motions are granted, this Court's Order will incorporate the Government's proposed deadlines. The Court notes that, given the agreement between the parties respecting the timeline for production of these materials, any Motion requesting earlier production of such materials is moot at this time.

I. **Motion for Notice Pursuant to Federal Rules of Evidence 404(b) and 609**

In his Motion for Notice Pursuant to Federal Rules of Evidence 404(b) and 609, Defendant seeks notice of any evidence of a crime, wrong, or other act, that may be offered in evidence against him at trial. The Government states that it has not yet identified the specific prior crimes, wrongs, or acts that it will seek to introduce at trial, and that it is aware of the requirement under Rule 404(b) to provide notice of such evidence. Resp. 5, ECF No. 200. Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b) further provides, however, that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). With respect to notice, Rule 404(b) provides:

**(3) Notice in a Criminal Case.** In a criminal case, the prosecutor must:

> **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> **(C)** do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).

The Court notes, as aptly explained by the Honorable Marylin J. Horan of the United States District Court for the Western District of Pennsylvania, that:

> Federal Rule of Evidence 404(b) was amended effective December 1, 2020. According to the Committee Note, . . . the amendment principally imposes additional notice requirements on the prosecution. The amendment also eliminated the requirement that the defendant must make a request before notice is provided. Amended Rule 404(b) governs all proceedings commenced December 1, 2020 and thereafter, and insofar as just and practicable, to pending proceedings.

*United States v. Johnson*, No. 20-CR-163, 2020 WL 7065833, at *3 (W.D. Pa. Dec. 3, 2020). The present action was commenced on December 1, 2020, and Amended Rule 404(b) thus applies. The Court notes that Defendant's and the Government's briefing cites to the pre-amendment Rule 404(b)'s notice requirement, which directed the Government to provide "reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial," and does not meaningfully address the 2020 amendment. The Advisory Committee's Note to the 2020 amendment provides, in pertinent part:

> The prosecution must not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose. The earlier requirement that the prosecution provide notice of only the "general nature" of the evidence was understood by some courts to permit the government to satisfy the notice obligation without describing the specific act that the evidence would tend to prove, and without explaining the relevance of the

3

evidence for a non-propensity purpose.  This amendment makes clear what notice is required.

Fed. R. Evid. 404 advisory committee's note to 2020 amendment.  In the interest of ensuring that the Court's Order, and the Government's notice, is consistent with current Rule 404(b), the Court will direct that the Government provide notice pursuant to Federal Rule of Evidence 404(b) at least fourteen (14) days prior to trial, and directs that such notice comply with Rule 404(b) as amended effective December 1, 2020.[2]  *See United States v. Ledesma*, No. 19-20216, 2020 WL 7075289, at *5 (E.D. Mich. Dec. 3, 2020) ("To avoid any future dispute and ensure the government satisfies its duty under the current version of the rule, the Court directs the government to take note of subsection (b)(3)(B) – which requires the government to do more than provide the 'general nature' of the evidence it seeks to offer at trial.  *See* Fed. R. Evid. 404(b)(3)(B) (requiring the government to 'articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose').  As the Advisory Committee's Note explains, in addition to identifying the evidence that it intends to offer under Rule 404(b), the government must 'also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose.'").

With respect to Federal Rule of Evidence 609, the Honorable David Stewart Cercone has explained:

> Rule 609(b) requires the government to provide advanced written notice of its intent to use a conviction that is more than 10 years old (or where 10 years has elapsed since the release of the witness from confinement, whichever is later) for impeachment purposes.  Advanced notice in these circumstances is required in order to "provide the adverse party with a fair opportunity to contest the use of such

---

[2] To the extent that the parties believe that there exist remaining issues to be resolved with respect to the scope of the Rule 404(b) notice to be provided in this action that is not resolved by the Court's citation to the 2020 amendment, the parties are directed to first confer in an attempt to resolve such issues.  *See* LCrR 16(E).  To the extent that the parties are unable to resolve such issues, the Court enters its Order below without prejudice to Defendant raising such issues by way of a future motion for notice pursuant to Federal Rule of Evidence 404(b).

evidence." Fed. R. Evid. 609(b).  There is no similar disclosure requirement under Rule 609(a).

*United States v. Beech*, 307 F.R.D. 437, 443 (W.D. Pa. 2015).  The only issue presented with respect to Defendant's request for Rule 609 notice is seemingly the deadline for the provision of such notice, and, as noted above, the Government and Defendant are in agreement as to this deadline.  The Court will thus direct the Government to provide notice of any prior conviction falling within the ambit of Rule 609(b) which it intends to offer at trial at least fourteen (14) days prior to trial.

**II.     Motion for Discovery**

In his Motion for Discovery, Defendant seeks *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Giglio*, 405 U.S. 150 (1972) materials, Jencks Act material, discovery pursuant to Federal Rule of Criminal Procedure 16, and "other additional discovery."  Mot. for Discovery 1, ECF No. 184.  The Government asserts that it "recognizes and intends to continue to comply with its obligations under *Brady*, *Giglio*, Rules 12, 16, and 26.2 of the Federal Rules of Criminal Procedure, Local Rule 16C[,] and the Jencks Act, 18 U.S.C. § 3500."  Resp. 1, ECF No. 200.  The government further asserts that it is unaware of any *Brady* material pertaining to the Defendant at this time, but recognizes its continuing obligation to disclose such materials if and when the Government becomes aware of them.  *Id.* at 13.  Further, as noted above, the parties agree with respect to the timing of the Government's provision of Jencks Act material and impeachment material.  *See* Resp. 1, ECF No. 200; Reply 1, ECF No. 218.

With respect to discovery in criminal cases, the United States Court of Appeals for the Third Circuit has explained:

> In contrast to the wide-ranging discovery permitted in civil cases, Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some

>additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution. The Jencks Act requires that after each government witness has testified on direct examination, the government must produce to the defense "any statement" made by the witness which relates to his or her testimony. In *Brady*, the Supreme Court held that due process required that the government produce all "exculpatory" evidence, which includes both "[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness."

*United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994) (quoting *United States v. Hill*, 976 F.2d 132, 134–35 (3d Cir.1992)); *see also United States v. Searcy*, No. 19-CR-135, 2020 WL 7066335, at *9 (W.D. Pa. Dec. 3, 2020) ("The Supreme Court in *Giglio* extended its ruling in *Brady* to encompass impeachment evidence relating to the credibility of a government witness. *Giglio*, 405 U.S. at 154. Any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under *Brady*." (citing *United States v. Higgs*, 713 F.2d 39, 43 (3d Cir. 1983))).

Initially, the Court notes that "Rule 16 was not designed to provide a defendant with a vehicle to discover the government's case in detail or the strategy it intends to pursue at trial." *Beech*, 307 F.R.D. at 440 (citing *United States v. Fioravanti,* 412 F.2d 407, 410 (3d Cir.), *cert. denied,* 396 U.S. 837, 90 S.Ct. 97, 24 L.Ed.2d 88 (1969)). The Government asserts that it has already supplied and made available to Defendant substantial discovery materials, Resp. 3-4; 9, ECF No. 200, that it recognizes and intends to continue to comply with its obligations under Rule 16, *id.* at 1; 9, and that, with respect to forensic analyses, laboratory reports, and reports of expert witnesses, the government will provide such information related to the controlled substances and firearms seized in the course of this investigation when they are made available to the government,

6

*id.* at 10-11.  The Government further states that it will comply with its obligations under Rule 16(a)(1)(F) with regard to Reports of Examinations and Tests.  Surreply 5, ECF No. 222.

In his Motion for Discovery, Defendant seeks the production of reports of law enforcement officers and any attachment thereto or document referenced therein.  Mot. for Discovery 2, ECF No. 184.  Defendant cites to Rule 16(a)(1)(E), which provides:

> **(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> **(i)** the item is material to preparing the defense;
>
> **(ii)** the government intends to use the item in its case-in-chief at trial; or
>
> **(iii)** the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).  In response to this request, the Government correctly notes that Rule 16(a)(2), "Information Not Subject to Disclosure," provides as follows:

> Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.  Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Fed. R. Crim. P. 16(a)(2); *see also United States v. Lacerda*, No. CRIM. 12-303 NLH/AMD, 2013 WL 3146835, at *18 (D.N.J. June 19, 2013) ("Rule 16 only requires the government to permit the defense to inspect and copy reports of government witnesses to the extent it is required to do so under Jencks.  In other words, under Rule 16, the government need only provide the defense with a copy of a government witnesses's statement or report after the witness has testified on direct examination at trial.").

The Jencks Act provides:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a).  "There is no authority by which this court can order the government to provide Jencks Act statements prior to the time the witness has testified on direct examination at trial."  *United States v. Lightfoot*, No. 08-cr-127, 2008 WL 3050300, at *3 (W.D. Pa. Aug. 5, 2008).  Given the Government's representation that it "will continue to comply with its obligations under Rule 16 and also provide material well-outside of the scope of the Rule's ambit," Resp. 9, ECF No. 200, as well as its recognition of its continuing obligation to disclose *Brady* exculpatory materials if and when the Government becomes aware of them, *id.* at 13, the Court anticipates that, to the extent that the Government is in possession of discoverable material under Rule 16 or materials subject to disclosure under *Brady*, the same will be provided to the Defendant forthwith. As noted above, however, reports of law enforcement officers, i.e. internal investigative reports, cannot be compelled pursuant to Rule 16.  To the extent that Defendant's request for reports of law enforcement officers and any attachment thereto or document referenced therein attempts to compel the production of Jencks material ahead of the time agreed to by the parties, such a request is denied.  As the parties have reached agreement respecting the production of the Jencks material ten (10) days prior to trial, the Court will not address the timing of the production of Jencks Act materials in its Order.

With respect to Defendant's request for discovery pursuant to Rule 16(a)(1)(G), the Court notes that Defendant "is entitled to a written summary of any expert testimony the government intends to offer, which must 'describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.'"  *United States v. Beech*, 307 F.R.D. 437, 444 (W.D.

Pa. 2015) (citing Fed. R. Crim. P. 16(a)(1)(G)). The Government asserts that it has not identified what, if any, expert testimony will be utilized at trial, and that it will provide a written summary of any expert testimony and witness qualifications under Federal Rules of Evidence 702, 703 and/or 705 once it has determined which experts it intends to call at trial. Surreply 3, ECF No. 222. Accordingly, the Court's Order will direct the Government to provide such a summary without undue delay.

Defendant's Motion for Discovery further seeks the production of *Brady*, *Giglio*, and Jencks Act materials, as well as certain "additional discovery" set forth in "Attachments A and B" of Defendant's Reply. Mot. for Discovery 2-4, ECF No. 184; Reply Attachment A and Attachment B. Attachment A sets forth specific requests for *Brady*, *Giglio*, and Jencks Act materials. The Court again notes that: (1) the Government acknowledges and intends to continue to comply with its obligations under *Brady*, *Giglio*, the Jencks Act, Rules 12, 16, and 26.2 of the Federal Rules of Criminal Procedure, and Local Rule 16C, Resp. 1, ECF No. 200; (2) the Government asserts that it is unaware of any *Brady* material pertaining to the Defendant at this time and recognizes its continuing obligation to disclose such materials if and when the Government becomes aware of them, *id.* at 13; and (3) the parties agree with respect to the timing of the Government's provision of Jencks Act material and impeachment material, Resp. 1, ECF No. 200; Reply 1, ECF No. 218. In light of the above, the Court will deny Defendant's Motion without prejudice as to the *Brady*, *Giglio*, and Jencks Act materials set forth at Attachment A.

With respect to Attachment B, the Government has asserted in both its Response and Surreply that, to the extent the requested discovery is discoverable, it has been provided to or made available to Defendant, or will be produced at a later date.[3] Moreover, the Court has already

---

[3] The Court agrees with the Government that Paragraph "e." of Attachment B is, generally speaking, overly broad and not adequately specific as to the legal basis for the requests set forth at that Paragraph, and that it seemingly conflates

addressed Defendant's request for materials under Rule 16(a)(1)(G) above, as well as his request for reports of law enforcement officers and any attachment thereto or document referenced therein. In light of the fact that Defendant has not asserted specific argument respecting any deficiencies with the Government's production of discovery to date, as well as the Government's assertion that all discoverable materials sought by way of Attachment B have been or will be produced, the Court will deny Defendant's Motion without prejudice as moot at this time with respect to the materials sought by way of Attachment B.

### III.   Motion to Produce Rough Notes and Rough Drafts

Defendant's Motion to Produce Rough Notes and Rough Drafts seeks an order "directing all law enforcement officers . . . involved in any aspect of the investigation underlying this case to retain [and] produce the rough notes and rough drafts created in the course of this investigation." Mot to Produce 1, ECF No. 179.  More specifically, Defendant seeks production of "handwritten notes; handwritten drafts of memoranda, reports and synopses; notes, drafts or rough memoranda, reports and synopses, taken or prepared on an electronic device of any kind; the identity of the author of the notes or drafts, the date they were prepared and the act, event or occurrence to which they refer; and, in the event that the notes or drafts are illegible (in whole or part) that they be transcribed into a usable form." *Id.* at ¶ 12.

The United States Court of Appeals for the Third Circuit has held that "the rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the appellant under the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), or the Jencks Act." *United States v. Vella*, 562 F.2d 275, 276 (3d

---

Rule 16(a)(1)(F) and Rule 16(a)(1)(G).  The Court is satisfied at this time with the Government's representation that it will comply with its obligations under Rule 16(a)(1)(F) with regard to Reports of Examinations and Tests, accompanied with this Court's above-holding with respect to the production of a summary of expert testimony as required under Rule 16(a)(1)(G).

Cir. 1977). In *United States v. Ammar*, 714 F.2d 238 (3d Cir. 1983), the Third Circuit held that "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced." *Ammar*, 714 F.2d at 259.

The Government states that it is aware of its obligations under *Ammar*, *Vella*, and *United States v. Ramos*, 27 F.3d 65 (3d Cir. 1994), Resp. 14, ECF No. 200, and notes that it has instructed law enforcement personnel to preserve their notes in this matter, *id.* at 1. The Court will grant Defendant's Motion to the extent that it requests that the Government preserve and retain the rough notes and drafts of reports that fall within the purview of *Ammar* and *Vella*. The Motion is denied as to any request for preservation of materials that do not fall into the categories discussed in *Ammar* and *Vella*.

Defendant's Motion will be denied as premature with respect to Defendant's request that rough notes and drafts of reports be produced at this time. Defendant is "entitled to the production of such material only to the extent that it falls within the purview of *Brady*, *Giglio v. United States*, 405 U.S. 150 (1972), or the Jencks Act." *United States v. Shaner*, No. 19-CR-135-9, 2020 WL 4915339, at *2 (W.D. Pa. Aug. 21, 2020). The Government indicates that, at this time, it is unaware of any *Brady* material pertaining to the Defendant, Resp. 13, ECF No. 200, and that it has not identified which witnesses it will call at trial, *id.* at 14. Further, as noted above, "[t]here is no authority by which this court can order the government to provide Jencks Act statements prior to the time the witness has testified on direct examination at trial." *Lightfoot*, 2008 WL 3050300, at *3.

The Government has agreed to provide Jencks Act material at least ten (10) days before trial, Resp. 1, ECF No. 200, and has requested that it be permitted to provide the Defendant with

11

any impeachment material pursuant to *Brady* and *Giglio* at least ten (10) days in advance of trial, *id.* at 13. The Court will thus deny Defendant's Motion as premature to the extent that it requests production of rough notes and drafts of reports at this time without prejudice to Defendant requesting production at a later date, and potentially for this Court's *in camera* review of such documents. *See United States v. Beech*, 307 F.R.D. 437, 444 (W.D. Pa. 2015) ("To the extent any rough notes and investigative reports fall within these limited areas of disclosure, the government shall produce them in accordance with this memorandum and order of court. To the extent defendant seeks the production of any rough notes and investigative reports not falling within those limited areas of disclosure, the motion will be denied without prejudice to renew at trial subject to a specific showing that any particular rough notes or investigative reports not otherwise produced arguably may contain information falling within the scope of *Brady* and/or the Jencks Act."); *United States v. Giardina*, No. CRIM. 04-29J, 2005 WL 3088441, at *4 (W.D. Pa. Nov. 17, 2005). ("Clearly, the Defendant has made such a motion and now the rough notes and writings of the law enforcement agents investigating this matter must be produced to the Court for *in camera* inspection. Should this material be found to be discoverable only then will it be ordered to be produced to the Defendant.").

Finally, with respect to Defendant's request that the Government provide him with the identity of the author of the notes or drafts, the date they were prepared and the act, event or occurrence to which they refer, as well as his request that any "illegible" notes be transcribed into a usable form, the Court finds that these requests are also premature. When faced with a similar transcription request in *Shaner*, the Honorable Marilyn J. Horan explained:

> Likewise, there is no basis upon which the Court can Order the government to transcribe "illegible" rough notes. As the government points out, illegibility of handwritten notes is subjective. The government is under no obligation to make such a determination. To the extent that the government produces discoverable

rough notes that are "illegible" to Mr. Shaner and his counsel, and the parties are unable to agree on a resolution, the issue can be brought before the Court. Finally, at trial defense counsel may ask a testifying law enforcement officer to interpret any perceived illegibility in their own handwritten rough notes.

*Shaner*, 2020 WL 4915339, at *1. The Court agrees with this sound reasoning, and thus will deny Defendant's request for transcription of "illegible" notes without prejudice to be revisited in the event that illegible notes are produced. Similarly, in light of the fact that no rough notes or drafts have been produced thus far, the Court will also deny as premature Defendant's request that he be provided with the identity of the author of the notes or drafts, the date they were prepared and the act, event or occurrence to which they refer. To the extent that any rough notes and drafts are produced and Defendant and counsel do not believe that such materials contain the appropriate level of identifying information, and the parties cannot agree on a resolution, they may present the issue to the Court at that time.

## IV.   Order of Court

For the reasons discussed above, and consistent with the Court's analysis set forth above, it is hereby ORDERED as follows:

(1) Defendant's Motion for Notice Pursuant to Federal Rules of Evidence 404(b) and 609 (ECF No. 178) is granted in part. The Government shall provide notice pursuant to Federal Rule of Evidence 404(b), as amended effective December 1, 2020, at least fourteen (14) days prior to trial. The Government shall also provide notice of any prior conviction falling within the ambit of Rule 609(b) which it intends to offer at trial at least fourteen (14) days prior to trial. This Motion is denied in all other respects.

(2) Defendant's Motion for Discovery (ECF No. 184) is granted in part. The Government shall:

    (a) Abide by and comply with the representations in its Response and Surreply;

13

    (b) Produce any Rule 16 and *Brady* exculpatory material forthwith;

    (c) Produce any impeachment material at least ten (10) days in advance of trial; and

    (d) Produce a summary for all expert testimony without undue delay;

This Motion is denied in all other respects; and

(3) Defendant's Motion to Produce Rough Notes and Rough Drafts (ECF No. 179) is granted in part and denied in part. The Motion is granted to the extent that it requests that the Government preserve and retain the rough notes and drafts of reports that fall within the purview of *Ammar* and *Vella*. Defendant's Motion is denied without prejudice as premature with respect to Defendant's request that rough notes and drafts of reports be produced at this time.

                                                                  BY THE COURT:

                                                                  s/*Robert J. Colville*_____
                                                                  Robert J. Colville
                                                                United States District Judge

DATED: May 3, 2021

cc/ecf: All counsel of record